# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

JOHN B.,

    Plaintiff,

    v.     Case No. 2:18-cv-00223-JVB-JEM

ANDREW M. SAUL,
Commissioner of
Social Security Administration,

    Defendant.

## OPINION AND ORDER

Plaintiff John B. seeks judicial review of the Social Security Commissioner's decision denying him disability benefits and asks this Court to remand the case. For the reasons below, this Court affirms the Administrative Law Judge's ("ALJ's") decision.

**A.    Overview of the Case**

Plaintiff alleges that he became disabled on July 31, 1996. (R. at 15.) According to him, he suffers from obesity, Asperger's, bipolar disorder, borderline intellectual functioning, and impulse control disorder. (R. at 18.) Plaintiff worked regularly at an industrial bakery between December 2016 and February 2017. (R. at 23.) While the ALJ found that Plaintiff's work experience did not constitute substantial gainful employment, (R. at 17) she concluded that Plaintiff could perform work as a dishwasher, cleaner, or an order picker. (R. at 24.) Therefore, the ALJ denied benefits. (R. at 25.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 1.)

B.     **Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

C.     **Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

D.     **Analysis**

Plaintiff argues that the ALJ erred by: (1) not incorporating limitations from all medically

determinable impairments into the Residual Functional Capacity ("RFC"); (2) overemphasizing Plaintiff's daily and part-time work activities; and (3) relying at Step 5 (of the Commissioner's inquiry) on a vocational expert ("VE") who lacked proper foundation for a substantial number of remaining jobs. (Pl. Br. at 10–15.) Plaintiff's claims do not present cause for remand. Therefore, this Court affirms the ALJ's decision.

**(1)    The ALJ Included Plaintiff's Mental Impairments in the RFC.**

The ALJ goes through a two-step process when incorporating a plaintiff's subjective symptoms into the RFC. 20 C.F.R. § 404.1529. Initially, the ALJ determines which symptoms are medically determinable. 20 C.F.R. § 404.1529(d)(1). Next, the ALJ evaluates the intensity, persistence, and functionally limiting effects of those medically determinable symptoms on the plaintiff's ability to perform work-related activities. 20 C.F.R. § 404.1545(e). At the second step, the ALJ cannot ignore entire lines of evidence contrary to her findings, *see Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001), but may consider all available medical and nonmedical evidence. 20 C.F.R. § 404.1545(e). Also, those limitations supported by the medical record must be included in the hypothetical presented to the VE. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). However, "it is not necessary that the ALJ use … precise terminology" to describe a claimant's impairments so long as hearing testimony appraises the VE of the claimant's conditions. *See id*.

Plaintiff complains that the ALJ did not account for his mental health limitations in the RFC. (Pl. Br. at 10.) Specifically, he contends that the ALJ's finding of "moderate" limitations in the Paragraph B criterion – "concentrating, persisting, or maintaining pace" ("concentration

problems")[1] – created two errors in the decision. (*Id.*) First, the ALJ did not account for these limitations when determining his work capability. (Pl. Br. at 12.) Second, the ALJ erred by not presenting these limitations to the VE in the hypothetical. (Pl. Br. at 11.) Both arguments fail to merit remand.

*(a)    The ALJ Directly Addressed Plaintiff's Mental Limitations in the RFC.*

In the RFC, the ALJ directly addressed Plaintiff's concentration problems. (R. at 21–23.) To create an accurate and logical bridge, the ALJ must "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas*, 826 F.3d at 961. However, this requirement does not require the ALJ to reiterate Paragraph B terminology. *See Crump v. Berryhill*, No. 3:17-CV-557-PPS 2018 WL 4627217, at *3 (N.D. Ind. Sept. 27, 2018) (affirming an RFC for "simple, routine, repetitive tasks" where "the ALJ … did incorporate the particulars of Crump's impairments"). So long as the ALJ references particulars of an impairment, there is no error because reviewing courts can analyze the ALJ's reasoning and provide meaningful judicial review. *Id*. Here, the ALJ illustrated Plaintiff's concentration problems through examples even though she did not use Paragraph B terminology. For instance, the ALJ noted that Plaintiff demonstrated difficulty taking longer tests at school and testified to having distracted thoughts. (R. at 21, 23.) Further, Plaintiff acknowledged that the ALJ addressed the particulars of Plaintiff's concentration problems. (Pl. Br. at 12.) The ALJ's order draws an accurate and logical bridge between her

---

[1] Plaintiff incorrectly refers to the third Paragraph B category as "concentration, persistence, *and* pace." (Pl. Br. at 11–12.) The functional area is defined by the Regulations as "concentrating, persisting, *or* maintaining pace." (emphasis added) 20 C.F.R. § 416.920a(c)(3). By definition, a limitation to this functional area does not necessarily concern all three elements. *Id*. This order refers broadly to Plaintiff's alleged symptoms in this category as "concentration" problems.

conclusion and the evidence. Therefore, the decision is valid so long as it is supported by substantial evidence.

To the extent that Plaintiff argues the ALJ's decision was unreasonable, the ALJ pointed to substantial evidence that Plaintiff could perform simple tasks. First, the ALJ noted that repeated treatment notes showed "intact memory, … goal-directed thoughts, normal concentrate on and average intelligence." (R. at 21.) Second, she observed that Plaintiff worked regularly between December 2016 and February 2017 without any significant problems. (R. at 23.) Finally, the ALJ referenced the State agency psychological consultants' opinions on Plaintiff's ability to concentrate:

> The evidence suggests that claimant can understand, remember, and carry-out unskilled tasks without special considerations in many work environments. The claimant can relate on at least a superficial and ongoing basis with co-workers and supervisors. The claimant can attend to task for sufficient periods of time to complete tasks. The claimant can manage the stresses involved with unskilled work.

(R. at 81.) These examples, among others, demonstrate that the ALJ did not impermissibly rely on a single line of evidence. *Cf. Zurawski*, 245 F.3d at 881. Overall, the RFC reflects a wholistic review of the record and is supported by substantial evidence. Therefore, Plaintiff's argument does not present reversible error.

*(b)* ***The ALJ was not Required to Explicitly Mention Plaintiff's Concentration Issues in the Hypothetical Presented to the VE.***

The ALJ was not required to explicitly mention Plaintiff's concentration issues in the hypothetical presented to the VE. Plaintiff draws from *Yurt v. Colvin*, 758 F.3d. 850 (7th Cir. 2014) to contend that the ALJ erred by not including concentration problems in the hypothetical.

*Yurt*, 758 F.3d. In *Yurt*, the Seventh Circuit held that omitting functional limitations from the hypothetical merited remand because the VE could not make an accurate assessment without this information. *See id*. at 858. The Court opined that there was no evidence that the VE reviewed the claimant's medical history or heard testimony relating to his mental limitations. *Id*. In contrast to *Yurt*, the VE in this case heard testimony that demonstrated Plaintiff's concentration problems. During the hearing, Plaintiff testified to having trouble with schoolwork, not knowing the names of all his medications, and past difficulties keeping up with the packing line. (R. at 39, 42, 49.) Additionally, Plaintiff's mother testified that she regularly reminded him to perform chores and that therapists recommended writing reminders "to keep him on track." (R. at 62.) However, Plaintiff also gave testimony contradicting his alleged concentration problems. Plaintiff stated that in college he attended two-hour tutoring sessions after classes, (R. at 49) and could play video games for up to four hours in his free time. (R. at 46.) In addition to this testimony, the VE reviewed evidence regarding Plaintiff's previous work experiences. (R. at 63.) For these reasons, the VE possessed adequate knowledge of Plaintiff's symptoms to accurately incorporate them into his determination. Therefore, the ALJ did not need to include specific language in the hypothetical.

**(2)    The ALJ Properly Analyzed Plaintiff's Subjective Symptoms.**

Next, Plaintiff opines that the ALJ impermissibly overemphasized Plaintiff's part-time work and daily activities when addressing his subjective complaints in the RFC. (Pl. Br. at 13.) Given that the ALJ supported her analysis with substantial evidence, this point does not call for remand.

The ALJ supported her conclusions regarding Plaintiff's functional limitations with substantial evidence. An individual's subjective statements are insufficient to establish disability. 20 C.F.R. § 416.929(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled."). These allegations must be supported by evidence from the record, including, but not limited to, aggravating events, daily activities, medication, and other treatment. 20 C.F.R. § 416.929(c). Plaintiff first criticizes the ALJ's use of his part-time work as evidence of his ability to function. (Pl. Br. at 13.) While Plaintiff states that his father's coaching renders his current part-time work environment "not work-comparable," he does not explain how his father assists Plaintiff at work. (Pl. Br. at 14.) Plaintiff's father testified that he only checked on Plaintiff during work to see how he was doing. (R. at 41.) In fact, Plaintiff also worked part-time at Bob Evans for two years, presumably without his father. (*Id.*) Because Plaintiff has not detailed his father's assistance or why it would render Plaintiff's current work activities inapplicable, he has not demonstrated that the ALJ made a reversible error.

Plaintiff then goes on to attack the ALJ's emphasis of Plaintiff's daily activities. The ALJ did not impermissibly overemphasize Plaintiff's daily activities in the RFC analysis. Plaintiff's use of *Bjornson v. Astrue*, 671 F.3d 640 (2012) mischaracterizes the ALJ's analysis. In *Bjornson*, the claimant experienced severe headaches four to five times per week that would cause her to vomit if she did not lie down. *Id*. at 641. The ALJ found that Bjornson's "activities of daily living" during her one to two good days per week (mainly bathing, dressing, and shopping for groceries) demonstrated she was mobile enough to maintain full time employment. *Id*. at 641. Reversing and remanding, the Seventh Circuit found that the ALJ impermissibly relied on Bjornson's daily activities because the ALJ did not recognize the "differences between activities of daily living and activities in a full-time job." *Id*. at 647. The distinction is that with daily

activities, "a person has more flexibility in scheduling … , can get help from other persons, and is not held to a minimum standard of performance, as she would be by an employer." *Id*. In this case, Plaintiff's daily activities are more comparable to a work environment than those in *Bjornson*. At the bakery, Plaintiff was subject to scheduling and performance expectations of bakery managers. (R. at 40.) While his father claims to have provided support, Plaintiff testified that his father did not help him do his job at all. (R. at 41.) Further, the ALJ noted that Plaintiff did not lack focus at his present job. (R. at 23.) Even though Plaintiff is not gainfully employed, it's inconsistent to claim that concentration problems would prevent him from working when he demonstrated no issues with his current performance. Even if this Court could have come to different conclusions on the basis of the record, it is not the job of the Court to "reweigh the evidence or substitute our own judgment for that of the ALJ." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). The ALJ's conclusion was not patently wrong and did not impermissibly rely on Plaintiff's daily activities.

**(3)     The ALJ Provided Substantial Evidence for her Step 5 finding.**

Finally, Plaintiff contends that the VE lacked proper foundation for finding a substantial number of remaining jobs at Step 5. (Pl. Br. at 15) Finding that the VE sufficiently explained his calculations, the ALJ overruled Plaintiff's objection during the hearing. Similarly, this Court does not find that the ALJ's Step 5 finding calls for remand.

The ALJ did not err in relying on the VE's conclusions because the calculation technique was thoroughly explained at the hearing and it did not amount to an equal distribution method. *Chavez v. Berryhill*, 895 F.3d 962, 969 (7th Cir. 2018) (an equal distribution method is not a permissible technique for estimating job numbers) ("any method that the agency uses to estimate

job numbers must be supported with evidence sufficient to provide some modicum of confidence in its reliability"). The ALJ does not need to provide a specified number of jobs so long as the approach used is supported by evidence that instills "confidence in its reliability." *Chavez*, 895 F.3d at 968; see 20 C.F.R. § 416.960(c). But the "equal distribution method," which assumes that all job titles within a Department of Transportation ("DOT") job group exist in equal numbers in the national economy, constitutes an impermissible test. *Chavez*, 895 F.3d at 697. At the hearing, the VE described the three-part method he used to arrive at his job number estimation. (R. at 66.) First, he pulled the most recent statistics from the Department of Labor occupational employment survey. *Id*. Second, the VE employed the SkillTRAN approach (which distributes those job numbers proportionally not only by industry, but also by skill and exertional level). (R. at 67.) Finally, he applied the National Association of Industry Classifications system to break down the broad occupations into industry-specific jobs. (R. at 68.) After Plaintiff's counsel referred to this practice as an equal distribution method, the VE explicitly stated "no, that's not what I said sir." (*Id.*) It is clear from the record that the VE did not assume all job titles within DOT job groups exist in equal numbers in the national economy. Further, the VE provided a detailed explanation of how he determined the number of jobs available to Plaintiff. Therefore, this argument does not present reversible error.

E.  **Conclusion**

Plaintiff has not demonstrated reversible error. The ALJ included Plaintiff's subjective symptoms in the RFC. Additionally, she provided substantial evidence for her findings and did not commit patent error. Accordingly, this Court affirms the ALJ's decision.

SO ORDERED on September 5, 2019.

S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE